UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAYMOND DALE MCVAY,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>WILL ZEBELL, KING COUNTY OFFICER JOHN DOE, JON OSLUND, MAC SETTER, RANDAL WATTS, DAVE MCEACHRAN, SWEDBARG, CHERYL SPRANGE, BOB FERGUSON, MARY BULLARD, TYRA FAYMOUS, and JOHN DOE,<br><br>　　　　　　Defendants. | CASE NO. 2:23-cv-01065<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ADDITIONAL TIME AND DENYING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE |

## 1.  INTRODUCTION

Before the Court is Plaintiff Raymond Dale McVay's response to the Court's Order to Show Cause. Dkt. No. 17. The Court interprets McVay's response to the Order to Show Cause as a motion for alternative service and a motion for additional time to effectuate service.

ORDER - 1

## 2. BACKGROUND

On October 17, 2023, the Court directed McVay to show cause why this matter should not be dismissed. Dkt. No. 16. McVay, who was recently released from prison after 39 years, responded on October 23, 2023, informing the Court that he was "under the impression that the clerk would copy the original [complaint] and have the U.S. Marshall [sic] serve the copies." Dkt. No. 17 at 1. McVay did not attempt service of the summons or the complaint.

He now asks the Court to give him additional time to "type out the original Civil Complaint and resubmit it" and to "immediately send certified copies to the Defendants, via United States Postal Services." *Id.* at 2.

## 3. DISCUSSION

### 3.1   Legal standards.

Under Fed. R. Civ. P. 4(m), the Court "must dismiss the action without prejudice against the defendant or order that service be made within a specified time" if defendant is not properly served within 90 days after the complaint is filed. If the plaintiff shows good cause for the failure to serve the defendant within 90 days, the Court must extend the time for service. Fed. R. Civ. P. 4(m). The "good cause" exception to Rule 4(m) applies "only in limited circumstances" and is not satisfied by "inadvertent error or ignorance of the governing rules." *Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir. 1992), *overruled in part on other grounds as recognized in Est. of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1045 (9th Cir. 2002).

Under Fed. R. Civ. P. 4(e), an individual can be served by either "following state law for serving a summons in an action brought in courts of general

jurisdiction in the state where the district court is located or where service is made," or by "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

Under Washington law, a defendant shall be served "personally, or by leaving a copy of the summon at the house of his or her usual abode with some person of suitable age and discretion then resident therein." RCW 4.28.080(16). That being said, if an individual cannot be served with "reasonable diligence," the summons and complaint may be served "[b]y leaving a copy at his or her usual mailing address with a person of suitable age and discretion who is a resident, proprietor, or agent thereof, and by thereafter mailing a copy by first-class mail, postage prepaid, to the person to be served at his or her usual mailing address." RCW 4.28.080(17).

### 3.2   The Court denies McVay's motion for alternative service on Defendants.

In his response to the Court's order to show cause, McVay states that he intends to send certified copies of his complaint to Defendants to accomplish service, but as discussed above, certified mail is not a method of service approved under the Federal Rules. Washington law permits service of summons by mail in circumstances justifying service by publication:

> In circumstances justifying service by publication, if the serving party files an affidavit stating facts from which the court determines that service by mail is just as likely to give actual notice as service by

ORDER - 3

> publication, the court may order that service be made . . . by mailing copies of the summons and other process to the party to be served at the party's last known address or any other address determined by the court to be appropriate.

Washington CR 4(d)(4).

"Because service by mail is allowed only when service by publication would also be authorized, the plaintiff must make the same showing of due diligence, and the same showing of the defendant's intent, that would be required for service by publication." 14 Douglas J. Ende, Wash. Prac. § 8:30 (3d ed. 2023)*; see Hoffman v. Connall*, 718 P.2d 814, 817 (Wash. Ct. App. 1986) (reversed on other grounds by 736 P.2d 242 (Wash. 1987)) (holding that service of process was ineffective because "[n]one of the situations listed in [RCW 4.28.100], justifying service by publication, were asserted").

Washington law authorizes service of summons by publication or mail "[w]hen the defendant, being a resident of [Washington], . . . avoid[s] the service of a summons, or keeps himself or herself concealed therein with like intent." RCW 4.28.100(2). Because "[s]ervice by publication or mail is in derogation of the common law and cannot be used when personal service is possible[,]"plaintiff must show diligent efforts to locate the defendants and provide evidence of the defendants' intent to conceal themselves. *Rodriguez v. James-Jackson*, 111 P.3d 271, 274-75 (Wash. Ct. App. 2005); *see Bruff v. Main*, 943 P.2d 295, 297 (Wash. Ct. App. 1997) ("[T]he [plaintiffs] were required to set forth facts supporting a conclusion that [the defendant] . . . was concealing himself with intent to . . . avoid service of process . . . .").

ORDER - 4

McVay's proposed method of service would bypass his obligation to use "reasonable diligence" to attempt to serve the Defendants personally and also his later obligation to leave a copy of the summons and complaint at their "usual mailing address." Dkt. No. 17 at 2. McVay does not cite to any authority to support his request for this form of alternative service.

Thus, to the extent McVay's response to the Court's order to show cause can be construed as a motion for alternative service, the Court DENIES McVay's motion.

### 3.3   The Court grants McVay's request for additional time.

Pro se litigants "must be ensured meaningful access to the courts." *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998). This means they are not held to the same standard as licensed attorneys and form will often give way to substance. *Garmon v. Cnty. of Los Angeles,* 828 F.3d 837, 846 (9th Cir. 2016). But pro se litigants are still bound by the same rules of procedure that govern other litigants, and failure to follow them may result in dismissal. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

The Court is sympathetic to the challenges faced by laypersons litigating in federal court, but it cannot look past McVay's failure to satisfy one of the most basic procedural requirements—service of original process.

To date, McVay has not completed service of the summons and complaint on Defendants as required by Fed. R. Civ. P. 4(m). Although ignorance of the law is not an excuse for failure to comply with service of process rules, the Court will GRANT

McVay an additional 14 days from the date of this Order to properly effect service under LCR 4(c) and Fed. R. Civ. P. 4 and to file proof of service with the Court.

## 4. CONCLUSION

Accordingly, the Court GRANTS Plaintiff's motion to extend the deadline to serve Defendants to November 22, 2023, but DENIES Plaintiff's request to serve the summons and complaint only by certified mail. Failure to file proof of service by this deadline will result in dismissal without prejudice under Fed. R. Civ. P. 4(m) for failure to effect timely service.

Dated this 8th day of November, 2023.

*[signature]*

Jamal N. Whitehead
United States District Judge